MORIAL, Judge.
Defendant, Phil Lawrence Daigrepont, appeals from a district court judgment declaring him to be the natural father of the child born on October 5, 1972 to Kathy Mary Boyle and condemning him to pay $20.00 per week for the support and maintenance of the minor child. We affirm.
Defendant herein alleges that the judgment of the trial court is erroneous in that plaintiff, Kathy Mary Boyle, individually and for and on behalf of the minor Scott Gerard Boyle, failed to prove defendant’s paternity by a preponderance of the evidence.
From our review of the record, it is apparent that the testimonies elicited on behalf of plaintiff and defendant are in hopeless conflict. Defendant, although admitting to having had sex with plaintiff on *927 several occasions, contends that he did not meet her until February 17, 1972, substantially after the medically approximated date of conception between January 15 and January 20, 1972. He testified that he remembered the February 17 date because it was a few weeks after his company’s picnic (which he did not attend) and it was near Mardi Gras. Plaintiff, on the other hand, testified that a date with defendant was arranged at his company’s picnic, held in November of 1971, and that they met shortly thereafter. The November picnic date was corroborated by plaintiff’s sister and by Gerald Amadee, a district manager of defendant’s company. Mr. Amadee produced company records which showed that the only company picnic during the period November 1971 through July 1972 was held on November 6, 1971. Plaintiff further testified that she first had sex with defendant on their second date on January 20, 1972 and that until that time she had been a virgin.
Thus, upon this set of circumstances and the fact that a blood test did not rule out the possibility of defendant being the father, we deem it reasonable for the trial judge to have concluded that defendant could have fathered the child. We turn now to the evidence before the district court in its determination of whether defendant was in fact the child’s father.
The record reveals that when plaintiff notified defendant she suspected she was pregnant, defendant insisted that she go to his doctor and he arranged an appointment under his name. Although defendant denied ever referring to plaintiff as his wife, the doctor testified that defendant told him plaintiff was his spouse. The doctor could not confirm plaintiff’s pregnancy and suggested she go to the hospital for a pregnancy test. Defendant accompanied her to the hospital and subsequently inquired of the doctor about the test results. Upon learning that she was pregnant, defendant and plaintiff informed her sister, Karen. Thereafter, defendant accompanied plaintiff when she informed her sister, Sue, and then her mother about her pregnancy. He also went with plaintiff to speak to a priest concerning her pregnancy.
Plaintiff and her witnesses testified that defendant admitted being the one who got plaintiff pregnant and that he stated he would “make everything alright.” At trial, defendant denied ever having admitted paternity or that he had ever offered to marry plaintiff. In deposition, however, defendant stated that if the baby was his, he would marry plaintiff.
We believe that defendant’s actions are consistent with him believing himself to be the father and that the record, taken as a whole, preponderates in favor of a finding of paternity. Accordingly, we find that the trial court has committed no error.
The judgment of the trial court is affirmed.

AFFIRMED.